IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH PURVEY           *
      Petitioner,
v.                      *   CIVIL ACTION NO. JKB-16-2848

MARYLN MOSBY *et al*.   *
      Respondents.

******

MEMORANDUM

On August 10, 2016, this court received for filing the above captioned case, filed on 28 U.S.C. § 2241 petition for writ of habeas corpus forms, from Joseph Purvey, who lists a post office box address in Baltimore City. Purvey refers to an agreement made between him and the State's Attorney for Baltimore City to reduce and modify his sentence after three years of successful probation. ECF No. 1, p. 5. He claims that the probation has been completed, but the State's Attorney's Office refuses to comply with its end of the agreement and has added additional terms. He asks that the court direct the Baltimore City Office of the State's Attorney to "immediately and promptly expunge and forever discard the entire criminal, traffic, & civil background of Joseph Purvey…" *Id*., p. 6. Purvey's petition is accompanied by motions for leave to proceed in forma pauperis. ECF Nos. 2 & 4. The indigency requests shall be granted. The petition shall, however, be dismissed without prejudice.[1]

---

[1] Subsequent to the filing of his petition, Purvey filed four separate letters, construed as complaints. They provide no factual background to his original claims, but refer to contractual and property disagreement between him and others, a visitation dispute, and alleged misconduct arising out of a family law case. ECF Nos. 3, 6-7 & 8.

II.	Analysis

Habeas corpus jurisdiction does not entail *direct* review of a state court decision. *See Lambrix v. Singletary,* 520 U.S. 518, 523 (1997). Notably, in providing for federal habeas corpus review, Congress has taken great care to avoid interrupting or intruding upon state-court processes. *See*, *e.g.*, 28 U.S.C. § 2254(b)(1) (1994 ed., Supp. III) (requiring exhaustion of state remedies before filing a federal petition for writ of habeas corpus). The undersigned finds no basis to take review over the matter. Purvey's petition has been generously construed to raise a challenge to the prosecution's unilateral actions in modifying the terms of his plea agreement in an unspecified state court case. Purvey provides no factual background regarding his state court case, nor does he discuss how he has attempted to exhaust his state court remedies in raising such a challenge or how his constitutional rights have been violated. The petition shall be dismissed without prejudice.[2]

A separate Order follows reflecting this opinion.

Date:  September 6, 2016                                      /s/
                                                    James K. Bredar
                                                    United States District Judge

---

[2]	In addition, Purvey has filed a motion for extension of time to "organize and appropriately group the large quantity of public officials that have violated [his] rights." ECF No. 5. In light of the decision entered by the court, the motion shall be denied as moot.